UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC., | ) |
| Plaintiff, | ) |
| v. | ) CV No.: 00-AR-1354-S |
| BLUE CROSS and BLUE SHIELD of ALABAMA, INC., | ) |
| Defendant. | ) |

**FILED SEP 14 P 1:05 U.S. DISTRICT COURT N.D. OF ALABAMA**

**ENTERED SEP 14 2000**

## NON-PARTY DISCOVERY ORDER

Pursuant to Fed. R. Civ. P. 16, 26 and 45 and with consent of the parties, it is hereby FOUND as follows:

1. Plaintiff has served non-party subpoenas on more than 100 Alabama hospitals and health maintenance organizations ("HMOs"). Defendant and many non-party subjects of the subpoenas filed motions to quash. Before other non-parties filed such motions, this Court ordered that the return dates for all third party subpoenas be suspended and that all objections be heard on September 14, 2000, at 9:00 a.m.

2. The parties and a number of non-parties have resolved many of the issues and reached compromises on others. The parties consent to this Order. Many non-parties that were served with third party subpoenas consent to this Order, and this Order is in the best interests of all non-parties served with third party subpoenas.

B0042230

1



3. On September ___, 2000, this Court entered an Order Governing Treatment of Confidential Material Produced By Non-Parties ("Confidentiality Order"). This Confidentiality Order allows non-parties to preserve their interests in the confidentiality of subpoenaed documents to the extent practical.

4. The non-party hospitals should be protected from undue burden or expense by initially limiting the documents produced in response to the Document Requests in Plaintiff's subpoenas. At this time, the non-party hospitals' production of documents is limited as follows:

a. Non-party hospitals need only produce documents from 1995 to the present. However, if a non-party entered into any contract(s) or agreement(s) with Defendant before 1995 and such contract(s) and/or agreement(s) remained in effect during or after 1995, the non-party should produce such documents.

b. Non-party hospitals need not produce any documents specific to any patient, any bill or any payment or any documents related to any governmental plan or workers' compensation. However, if any documents demonstrate that Blue Cross used its Medicare or Medicaid contracts with a non-party hospital as a means of influencing that non-party hospital's negotiations and/or agreements with Blue Cross or any other payor to provide medical services in

connection with a commercial health benefit plan, the non-party hospital should produce such documents.

5.   The non-party HMOs should be protected from undue burden or expense by initially limiting the documents produced in response to the Document Requests in Plaintiff's subpoenas. At this time, the non-party HMOs should only produce documents from 1995 to the present.

6.   Non-parties withholding documents on the basis of privilege must record the date, author, any recipients and subject matter of each document, as well as the privilege claimed for each such document.

7.   Responding to the subpoenas may be burdensome on and expensive for certain non-parties. It is therefore appropriate for Plaintiff to reimburse reasonable copying costs incurred by non-parties in responding to the subpoena.

8.   Plaintiff is not waiving any rights to seek additional documents from non-parties. Plaintiff may seek documents called for by the initial subpoenas and/or may serve additional subpoenas on non-parties.

ACCORDINGLY, it is hereby ADJUDGED, ORDERED, and DECREED as follows:

A.   The Document Requests in Plaintiff's third party subpoenas are hereby limited as indicated in paragraphs 4-8 above;

B.  Non-parties served with Plaintiff's third party subpoenas shall produce documents responsive to the Document Requests, as limited, within 45 days of entry of this Order;

C.  The parties shall not serve additional subpoenas on the non-parties already served by Plaintiff until 30 days after the entry of this Order; and

D.  Plaintiff shall reimburse non-parties as required by Fed. R. Civ. P. 45.

DONE this 14th day of September, 2000.

WILLIAM J. ACKER, JR.
UNITED STATES DISTRICT JUDGE