UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV No.: 00-AR-1354-S |
| | ) |
| BLUE CROSS and BLUE SHIELD | ) |
| of ALABAMA, INC., | ) |
| | ) |
| Defendant. | ) |

**ENTERED**
SEP 14 2000

### ORDER GOVERNING TREATMENT OF
### CONFIDENTIAL MATERIAL PRODUCED BY NON-PARTIES

Pursuant to Fed. R. Civ. P. 26(c) and with the consent of the parties, it is hereby ORDERED:

1. This Order governs the use and handling of documents, testimony and other information, including any copy, portion, synopsis, summary analysis or digest thereof (collectively, "Material") produced or given by non-parties in the above-referenced action. Material shall include material produced by a non-party to the parties in connection with this litigation whether or not in response to a formal discovery request.

2. A non-party producing Material may initially limit the use and disclosure of any Material that falls within the scope of Rule 26(c)(7) by designating such material as follows:

    a.    <u>Confidential Material</u> - Non-parties may designates as "Confidential Material" any Material that falls within the scope of Rule 26(c)(7), that the producing non-party believes in good faith may have an adverse effect on the producing non-party if disclosed to the public.

    b.    <u>Attorneys' Eyes Only Material</u>- Non-parties may designate as "Attorneys' Eyes Only Material" any Material that falls within the scope of Rule 26(c)(7), that the producing non-party believes in good faith may have an adverse effect on the producing non-party if disclosed to the directors, officers, or employees of any party to this litigation.

    3.    No information or material designated "Confidential Material" or "Attorneys' Eyes Only Material" shall be disclosed to any person or entity except as set forth in this Order. No person shall use any material or information designated "Confidential Material" or "Attorneys' Eyes Only" for any purpose other than to assist counsel of record in the preparation and trial of this action. Confidential Material and Attorneys' Eyes Only Material shall be used only for the litigation of this action (including appeals, if any), and not for any business or other purpose whatsoever.

    4.    Confidential Material and Attorneys' Eyes Only Material shall not be disclosed in any way to any person or persons other than:

    a.    counsel of record for the named parties in this action and in-house attorneys who are working on or assisting counsel of record in this action;

b.  the Court (and any appellate court) including court reporters, stenographic reporters, court personnel, jurors, and alternate jurors subject to Paragraphs 11 and 12 below;

c.  experts or consultants (other than current directors, officers or employees of the parties), retained on behalf of the parties to assist in the preparation of this action, but only to the extent reasonably necessary for the experts or consultants to provide such assistance; <u>provided</u>, that prior to disclosure of any Confidential Material or Attorneys' Eyes Only Material, each such expert or consultant is given a copy of this Order, is advised that he or she is subject to its terms, and acknowledges its terms by the execution of a Confidentiality Agreement substantially in the form of Exhibit A. Without a court order, parties shall not use an expert or consultant who is a current director, officer or employee of a hospital, HMO or health plan in Alabama;

d.  as to Confidential Materials, current directors, officers or employees for each party who are working or assisting on this action on behalf of any party. Such directors, officers or employees shall not disclose information or material to which they have access pursuant to this clause to any fellow employees or other persons;

e.  outside providers of document reproduction, imaging and coding services, to the extent reasonably necessary for this action; and

  f. any other person as to whom the producing non-party agrees in writing.

  5. The terms "counsel," "in-house attorney(s)," "expert(s)," and "consultant(s)" include their staff to the extent necessary to assist in this litigation.

  6. Notwithstanding any of the foregoing, this Order does not change whether a non-party may publicly disclose any Confidential Material produced by it to any other individual or entity.

  7. Each person given access to Confidential Material or Attorneys' Eyes Only Material pursuant to the terms hereof shall be advised that:

  a. the Confidential Material or Attorneys' Eyes Only Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms hereof; and

  b. that the violation of the terms of this Order may constitute contempt of a Court order. Before any person (other than an attorney or a member of their staff) is given access to Confidential Material or Attorneys' Eyes Only Material, he or she must read and agree in writing to be bound by the provisions of this Order and sign a Confidentiality Agreement substantially in the form of Exhibit A.

8.     Confidential Material shall be designated as follows:

a.     For produced documents, a non-party may designate Materials as Confidential Materials by placing the legend "CONFIDENTIAL" on the first page of a document prior to production and may designate Materials as Attorneys' Eyes Only Materials by placing the legend "ATTORNEYS' EYES ONLY" on the first page of the document.  Non-parties are to place the appropriate legend on each page if there is risk of confusion from a many-paged document's being taken apart.  The party requesting or subpoenaing documents from a non-party shall provide two rubber stamps to the non-party. The rubber stamps shall say as follows:

| CONFIDENTIAL | ATTORNEYS' EYES ONLY |
| Subject to Court Order | Subject to Court Order |
| CV-00-AR-1354-S | CV-00-AR-1354-S |
| U.S. District Court, N.D. Ala. | U.S. District Court, N.D. Ala. |

b.     For depositions, designation of the portion of the transcript (including exhibits) that contains or references Confidential Material or Attorneys' Eyes Only Material (as defined in paragraphs 1 and 2 of this Order) shall be made by a statement by counsel to the parties to such effect on the record during the course of the deposition or at the conclusion of each session of the deposition. When designation of Confidential Material or Attorneys' Eyes Only Material has been made during the course of a deposition, the reporter attending such

deposition shall thereafter bind the transcript thereof in separate portions containing the Confidential Material or Attorneys' Eyes Only Material from all other Materials, and the reporter shall place the appropriate legend on the cover of the portions of the transcript containing Confidential Material or Attorneys' Eyes Only Materials. Counsel for parties attending a deposition shall designate as Confidential Material or as Attorneys' Eyes Only Material any information disclosed during a deposition that comes from Confidential Material or Attorneys' Eyes Only Material, unless the producing non-party expressly indicates, on the record or in writing, that such designation is not required.

c. For each deposition (other than the depositions of directors, officers, employees or representatives of the producing non-party), Attorneys' Eyes Only Material may be used only if the producing non-party is given 15 business days written notice before the deposition and the producing non-party does not object in writing five (5) business days before the deposition. If the producing non-party objects, the issue shall be resolved as provided in paragraph 10 below.

9. The parties may at any time, on reasonable notice of not less than five (5) business days to the other parties and to any affected non-party, move in the United States District Court for the Northern District of Alabama for:

      a.      modification of this Order; or

      b.      relief from the provisions of this Order with respect to specific Material (subject to the terms of paragraph 10 below).

      10.      A party shall not be obligated to challenge the propriety of the designation of Material as Confidential Material or as Attorneys' Eyes Only Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation or needs to make a limited disclosure otherwise prohibited by this Order, it shall give written notice to the producing non-party, and they shall attempt to resolve any issue in good faith on an expedited and informal basis. If the issue cannot be expeditiously and informally resolved, the producing non-party or the parties may, on reasonable notice of not less than five (5) business days, apply for appropriate ruling(s) from the Court. In the event of such application, the burden will be on the producing non-party to satisfy the standards for a protective order set out in the Federal Rules of Civil Procedure and applicable case law. The Material shall continue to be treated as Confidential Material or Attorneys' Eyes Only Material pending a contrary ruling by the Court.

      11.      Any pleading, motions or other papers filed with the Court that disclose any Confidential Material or Attorneys' Eyes Only Material shall be filed under seal and kept under seal until further order of the Court. Where possible only the portions of the filings containing Confidential Material or Attorneys' Eyes Only Materials shall be filed under seal. Materials filed under seal under this Order shall be filed in a sealed envelope bearing the

name and docket number of this case, the title and date of the pleading to which the material pertains, the date of this Order, and a statement substantially in the following form: "<u>CONFIDENTIAL MATERIAL FILED UNDER SEAL SUBJECT TO COURT ORDER</u>."

12. Subject to the rules of evidence, Confidential Material or Attorneys' Eyes Only Material may be offered in evidence, or otherwise used, at trial of this action or any hearing in this action in open court by any party, provided that the offering party gives ten business days written notice to the producing non-party, so that the non-party may seek an order that the evidence be received under conditions to prevent its disclosure to persons or entities not entitled to have access to it. The designation of Material as Confidential Material or Attorneys' Eyes Only Material shall not have any bearing on the admissibility of such Material in this litigation.

13. This Order, insofar as it restricts the communication and use of Confidential Material or Attorneys' Eyes Only Material, shall continue to be binding throughout and after the conclusion of this action, including any appeals. At the conclusion of this action, including all appeals in this action, all Confidential Material and Attorneys' Eyes Only Material shall be returned within sixty (60) days to the producing non-party or, in lieu thereof, shall be destroyed, and certified as such in writing, except that counsel for the parties need not return or destroy any Confidential Material or Attorneys' Eyes Only Material that became a part of a court record in this action (by use as a trial exhibit, inclusion in a court filing, inclusions in the record on any appeal, or otherwise).

14. Inadvertent failure by a non-party to designate documents or testimony as "Confidential Material" or "Attorneys' Eyes Only" at the time of production or the taking of testimony may be remedied by supplemental written notice, given within a reasonable period of time after discovery of the inadvertent failure to designate, and if such notice is given, all documents and testimony shall retain their designation as Confidential Material or Attorneys' Eyes Only Material pursuant to the terms of this Order.

15. Inadvertent production by a non-party of privileged or arguably privileged matters shall not be deemed to be either:

   a. a general waiver of the attorney-client privilege, the work-product doctrine or any other recognized privilege; or

   b. a specific waiver of any such privilege with respect to documents being produced or the testimony given. Notice of any claim of privilege as to any document claimed to have been produced inadvertently shall be given within a reasonable period of time after discovery of the inadvertent production, and, on request by the non-party, all inadvertently produced Materials as to which a claim of privilege is asserted and any copies thereof shall be returned promptly to the non-party and shall not be used for any purpose whatsoever.

16. Counsel for the parties shall be the custodians of the original Confidentiality Agreements, substantially in the form of Exhibit A, that each party has executed. A copy of each such Confidentiality Agreement shall be forwarded to the counsel for the other parties

at the earlier of the end of this action (including any appeals) or at the time the identity of an expert or consultant is disclosed.

17. Confidential Materials and Attorneys' Eyes Only Materials shall not be used in litigation other than this action. If a party receives a subpoena or an administrative or court order seeking Confidential Materials or Attorneys' Eyes Only Materials, that party shall provide written notice immediately to all other parties and to any producing non-party.

DONE this the 14th day of September, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) |
| | ) 00-AR-1354-S |
| BLUE CROSS AND BLUE SHIELD | ) |
| OF ALABAMA, INC., | ) |
| | ) |
| Defendant. | ) |

## **CONFIDENTIALITY AGREEMENT**

[Name of person, firm or organization] agrees to be bound by the terms of the

Confidentiality Order dated _____, 2000 in the above captioned action.

Dated: _____, 2000

_____
[Signature]